### No. 55
### BAILEY v. BAILEY
Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 9, 1923

**413. DIVORCE AND ALIMONY—Court may grant alimony payable in monthly installments out of future earnings.**

POLLOCK, J.

Epitomized Opinion
First Publication of this Opinion

K. Bailey brought an action in Mahoning Common Pleas against his wife, M. Bailey, alleging that they had one minor child and asking for a divorce. M. Bailey answered, denying the charges and asking for alimony and the custody of the child. The court refused to grant a divorce, but granted the wife $40 a month alimony. K. Bailey prosecuted error to reverse the judgment on the ground that the court had no power or jurisdiction to grant the wife alimony payable per month, because the testimony did not show that the husband had any property and the $40 would be paid out of the future earnings, K. contending that the statute providing for alimony where a divorce is not granted does not permit such action. The Court of Appeals, in affirming the judgment, held:

Where a divorce is not granted, alimony may be allowed in real or personal property, or both, or in money, payable either in gross or by installments. GC. 11998. The Supreme Court has disposed of this question in 99 OS. 143.

Attorneys—T. C. Muldoon, for K. Bailey; Shulman & Galen, for M. Bailey.

### No. 56
### CHAMBERS v. LEE
Ohio Appeals, 2d Dist., Franklin County
No. 1123. Decided Nov. 8, 1923

**480. EVIDENCE—Second reversal on weight of evidence refused—Testimony shows no prejudicial error.**

ALLREAD, J.

Epitomized Opinion
First Publication of this Opinion

This case was before the Court of Appeals at a former term and judgment below was reversed upon the weight of evidence at the instance of Chambers, plaintiff in error in this case.

The Court of Appeals decided to adhere to the former decision, citing 11577 GC. which provided that no court shall grant more than one reversal on the weight of the evidence in favor of the same party.

Other controversies entered into the case. The trial court submitted three interrogatories, which were answered by the jury, and the answers support the general verdict. The court gave some special charges and rejected some which were requested. The court held that in view of the special charges given, there was no prejudicial error in refusing to give those which were rejected.

There was a controversy over a balance of rental and as to when the term expired. A check had been taken for rent in a less amount than the entire rental but the claim was made that it was not received under the lease. The Court of Appeals held that evidently the jury had accepted certain testimony and that this left it powerless to reverse upon the weight of evidence.

There was also a controversy as to certain testimony in reference to accord and satisfaction. This testimony was considered competent at the time it was received and no motion was made to withdraw it from the jury. In summing up the case the court stated that they had carefully considered all the errors assigned by counsel for plaintiff in error, Chambers, and were of the opinion that there was no prejudicial error upon which the court would be justified in rendering a second judgment.

Attorneys—Weber and Jones, Columbus, for Chambers; M. E. Thrailkill and L. D. Johnson, Columbus, for Lee.